IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN R. DRUM,

          Plaintiff,

v.                                                           Case No.  23-2229-JWB

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

          Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to enforce settlement. (Doc. 17.) The matter is fully briefed and ripe for decision. (Docs. 17, 23, 25.) The court finds that the parties entered a binding contract and thus GRANTS the motion to enforce settlement.

The parties had a phone call on August 30, 2023, where Defendant Prudential Insurance Company of America offered to settle this matter for $5,000. (Doc. 17 at 10.) Specifically, counsel for Defendant offered $5,000 in exchange for dismissal of this action with prejudice, plus additional terms to be included in a written agreement. (*Id.*) Plaintiff Kevin R. Drum counteroffered for $10,000. (*Id.*) Counsel for Defendant confirmed with Plaintiff that the $10,000 counteroffer was a settlement offer, and then stated that he would speak with his client and get back with Plaintiff. (*Id.*) The next day, counsel accepted the counteroffer in writing on behalf of Defendant and provided Plaintiff with additional details about the settlement process. (*Id.*) Plaintiff received the letter the day after, and he left a voicemail after with counsel for Defendant suggesting he wished to not proceed with settlement. (*Id.*) Counsel for Defendant responded via letter on September 12 indicating Defendant's belief that the oral offer and written acceptance

1

were binding. (*Id.*) This motion to enforce settlement followed concurrent with counsel's motion to appear pro hac vice. (Doc. 17, 19.)

"Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). "[A] settlement agreement is a contract." *James Colborn Revocable Tr. v. Hummon Corp.*, 55 Kan. App. 2d 120, 408 P.3d 987, 993 (Ct. App. 2017) (quoting *O'Neill v. Herrington*, 49 Kan. App. 2d 896, 317 P.3d 139, 145 (Ct. App. 2014)). So agreement on all material terms is necessary. *Id.* A term is material if it deals "with a significant issue such as subject matter, price, payment, quantity, quality, duration, or the work to be done." *Id.* (quoting *Black's Law Dictionary* 1698–99 (10th ed. 2014)). "[O]nce one party has made a settlement offer and the other party has unconditionally accepted it, neither party may call off the agreement." *O'Neill*, 317 P.3d at 145 (citing *Connor v. Hammer*, 201 Kan. 22, 439 P.2d 116, 118–19 (1968)). "A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels*, 375 F.3d at 1060 (citation omitted).

Defendant argues that Plaintiff agreed to the material terms of the settlement. (Doc. 17 at 6.) Specifically, Plaintiff offered to settle the case for $10,000 in return for dismissing the case. (*Id.*) Plaintiff does not dispute that there was a settlement agreement but rather argues the following: (1) that the agreement is not binding because counsel for Defendant engaged in the unauthorized practice of law in Kansas, (Doc. 23 at 1–4) and (2) that Plaintiff was under the influence of medication during the settlement negotiations. (*Id.* at 5–9.) Plaintiff supports his arguments with a letter from his doctor indicating that he is taking "strong pain medication" that "may interfere with his activity of daily living which includes, physical, mental and social activity

limitation." (Doc. 23-2.) Plaintiff also attaches a dental record, but it is unclear from Plaintiff's illegible annotations precisely why this document is relevant. (Doc. 23-3.)

First, even assuming that unauthorized practice of law in Kansas is sufficient to render an agreement unenforceable, counsel for Defendant did not engage in the unauthorized practice of law. Lawyers in good standing in other jurisdictions may practice law on a temporary basis when providing services reasonably related to a pending proceeding in Kansas when the lawyer is "authorized by law or order to appear in such proceeding or *reasonably expects* to be so authorized." Kan. R. Prof. Conduct 5.5(c) (emphasis added). Here, counsel for Defendant reasonably expected to be authorized to practice in this court, and he has now been so authorized by court order. (Doc. 20.) The court finds that Plaintiff's first argument to avoid enforcement of the settlement agreement is not meritorious.

Turning to Plaintiff's mental incapacity argument: "The test of mental capacity to contract is whether the person possesses sufficient mind to understand in a reasonable manner the nature and effect of the act in which he is engaged." *DeBauge Bros. v. Whitsitt*, 212 Kan. 758, 512 P.2d 487, 490 (1973) (citation omitted). Plaintiff merely states generalizations. For instance, he was "under the influence" of pain medication and "not in right mental state." (Doc. 23 at 5, 9.) But as far as the court can make out from the handwritten response to the current motion (the handwriting is completely illegible in some places), Plaintiff does not claim that he was unable to understand the settlement negotiations. Rather, it seems he wants to withdraw from the settlement agreement and negotiate a more advantageous settlement. (*See id.* at 8 (indicating settlement is possible if Defendant paid delinquent compensation for all eligible months).) The court finds that Plaintiff had sufficient mental capacity to enter the essential terms of the settlement agreement, namely, dismissal of this action in exchange for $10,000.

The court therefore GRANTS the motion to enforce settlement (Doc. 17.)  Defendant shall pay $10,000 to Plaintiff.  On notice of payment, the court will enter an order dismissing the claims against Defendant with prejudice.

IT IS SO ORDERED.  Dated this 17th day of November 2023.

                                                s/ John W. Broomes  
                                                JOHN W. BROOMES  
                                                UNITED STATES DISTRICT JUDGE