IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN R. DRUM,

      Plaintiff,

v.                                        Case No.  23-2229-JWB

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to amend or alter judgment (Doc. 30) and Defendant's notice of settlement and request for dismissal with prejudice.  (Doc. 32.) Defendant has responded to Plaintiff's motion (Doc. 31), and the time for a reply passed, so the matters are ripe for decision.  The court holds that Plaintiff fails to show that this court's prior order enforcing settlement (Doc. 26) should be amended or altered.  The court therefore denies Plaintiff's motion and dismisses this action with prejudice.

As discussed in further detail in this court's prior order, Defendant Prudential Insurance Company of America offered to settle this action for $5,000.  (Doc. 17 at 10.)  Plaintiff Kevin R. Drum counteroffered for $10,000.  (*Id.*)  The next day, counsel accepted the counteroffer in writing on behalf of Defendant.  (*Id.*)  Defendant has since tendered payment to Plaintiff (Docs. 32-1, 32-2), and seeks dismissal of this case in accordance with the court's order.  (Doc. 32 at 1.)  Plaintiff moves to alter or amend the court's decision to enforce the settlement because he did not intend to

1

bind himself to the agreement, claiming that he only wanted defense counsel to check with Defendant about settling at $10,000.[1]

"Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Lenexa 95 Partners, LLC v. Kin, Inc.*, No. 20-2367-JWB, 2023 WL 171925, at *1 (D. Kan.) (citation omitted), *appeal dismissed*, No. 23-3025, 2023 WL 5608807 (10th Cir. Apr. 27, 2023). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). And while the court may also grant relief under Rule 60(b)(6), the court may only do so in extraordinary circumstances. *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 830 (10th Cir. 2022).

Here, it appears that Plaintiff is arguing the court misapprehended the facts. Plaintiff claims he either (1) did not agree to the settlement, or (2) did not understand the settlement. (Doc. 30 at 1–2.) But Plaintiff's arguments about being under the influence of medication were considered and rejected by the court previously. (Doc. 26 at 3.) And Plaintiff's "new" facts surrounding the settlement negotiations (what precisely was said, a loved one being in hospice) (Doc. 30 at 1–3), is evidence that was previously available. Plaintiff appears to have suffered a great deal due to his various disabilities, but he has not presented extraordinary circumstances that justify amending the court's prior order. The court therefore denies Plaintiff's motion.

---

[1] Much of Plaintiff's filing is illegible. But the court broadly construes pro se filings to the best of its ability. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Additionally, while Plaintiff files his motion as a Rule 59 motion, his motion would perhaps be better considered under Rule 60(b) because the court had not yet entered final judgment as the time of Plaintiff's motion. The court need not split hairs here because considering the motion under Rule 60, the results are the same.

The court therefore DENIES the motion to alter or amend judgment. (Doc. 30.) The court recognizes Defendant's notice of payment (Doc. 32), and this action is DISMISSED WITH PREJUDICE due to the binding settlement of the parties.[2]

IT IS SO ORDERED. Dated this 23rd day of January 2024.

                                                                                        s/ John W. Broomes
                                                                                        JOHN W. BROOMES
                                                                                        UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff appears to make a passing request for appointed counsel, (Doc. 30 at 12), which the court denies as moot.